In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1202

EMMANUEL JOSEPH,

*Plaintiff-Appellant,*

*v.*

SASAFRASNET, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 402 — **Harry D. Leinenweber**, *Judge.*

ARGUED OCTOBER 1, 2013 — DECIDED NOVEMBER 4, 2013

Before CUDAHY, RIPPLE, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Plaintiff Emmanuel Joseph appeals from the district court's denial of his motion for a preliminary injunction under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.* Joseph operates a British Petroleum service station franchise in Chicago, Illinois. Defendant Sasafrasnet, LLC is an authorized distributor of BP products and is Joseph's franchisor.

In November 2010, Sasafrasnet provided Joseph with notice of its intent to terminate his franchise based on three occasions in July 2010 when Sasafrasnet attempted to debit Joseph's bank account to pay for fuel deliveries but payment was denied for insufficient funds ("NSF"). Joseph sought a preliminary injunction to enjoin Sasafrasnet's termination. In May 2011, the district court denied an injunction, finding that Joseph failed to meet his burden for a preliminary injunction under 15 U.S.C. §2805(b)(2)(A)(ii) to show that "there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation."

Joseph appealed that denial, and we remanded to the district court for additional findings and conclusions on very specific questions regarding whether Joseph's NSFs in July 2010 amounted to "failures" under the PMPA. *Joseph v. Sasafrasnet, LLC*, 689 F.3d 683 (7th Cir. 2012). A brief explanation of the statute is necessary to understand our remand. Section 2802(b)(2)(C) authorizes a franchisor to terminate a franchise if an event occurs that is relevant to the franchise relationship. 15 U.S.C. §2802(b)(2)(C). Section 2802(c) lists twelve types of events that constitute such a relevant event "and as a result of which termination of the franchise … is reasonable," but the list is not exhaustive of the category of relevant events. One such type of event is a "failure by the franchisee to pay the franchisor in a timely manner when due all sums to which the franchisor is legally entitled." 15 U.S.C. §2802(c)(8). But such an event does not count as a "failure" under the PMPA if it was "only technical or unimportant to the franchise relationship," 15 U.S.C. §2801(13)(A), or if the event

was "for a cause beyond the reasonable control of the franchisee." 15 U.S.C. §2801(13)(B).

There is no dispute about whether Joseph failed to make timely payments in July 2010, but the statutory exceptions for "technical or unimportant" events or events beyond the reasonable control of the franchisee might have protected Joseph from termination. In its first denial of Joseph's motion for preliminary injunction, the district court did not address whether Joseph's NSFs might not have been "failures," either because they were technical or unimportant to the parties' franchise relationship or because they were beyond Joseph's reasonable control. On remand, the district court considered those questions and found that two of Joseph's NSFs in July 2010 should count as "failures" under the PMPA justifying termination, at least to the extent that he did not show he was entitled to preliminary injunctive relief. *Joseph v. Sasafrasnet, LLC*, 2012 WL 6727263 (N.D. Ill. Dec. 28, 2012). Joseph has appealed again. This time we find no error and affirm.

As we said in our earlier opinion, our review of the district court's decision to deny Joseph preliminary relief under the PMPA is "narrow." *Joseph*, 689 F.3d at 689, quoting *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1217 (7th Cir. 1984). We "will not reverse a district court's grant or denial of a preliminary injunction absent a clear abuse of discretion by the district court." *Moody*, 734 F.2d at 1217. We review questions of law *de novo* and questions of fact for clear error. *Burlington N. & Santa Fe Ry. Co. v. Bhd. of Locomotive Eng'rs*, 367 F.3d 675, 678 (7th Cir. 2004).

Joseph argues that the district court erred in assigning the burden of proof, putting the burden on Joseph. But as the party seeking a preliminary injunction, Joseph had the burden of proof. To merit a preliminary injunction, 15 U.S.C. §2805(b)(2)(A)(ii) required Joseph to show that "there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation." The district court properly applied this standard.

On remand, the district court found that the second July 2010 NSF was beyond Joseph's control but the first and the third were within his control. *Joseph*, 2012 WL 6727263, at *5–6. Joseph's bank account was not adequately funded for Sasafrasnet's debit of the account on those occasions because Joseph had decided to change banks. The first NSF occurred because he had failed to give Sasafrasnet adequate notice of the change. The third NSF occurred because Joseph had failed to ensure a smooth transition between his two open accounts—the old and the new. The district court found that these circumstances were entirely within Joseph's control, and we find no clear error in those findings.

The district court then went on to consider whether the NSFs were only "technical" or "unimportant" to the parties' franchise relationship. *Joseph*, 2012 WL 6727263, at *7–8. It found that Joseph had a history of making late payments in substantial amounts because of insufficient funds—the invoice amount for each of the three July 2010 NSFs was over $22,000—and that Joseph's delinquent payments were not "technical" or "unimportant." Joseph attempts to reargue the facts on appeal, contending that his late payments were isolated incidents, that Sasafrasnet's deadlines were arbitrary, and that his payments

were late by only a few days, sometimes a few hours. But our role on appeal is not to reweigh the evidence, but to review only for clear error. Finding none, we affirm.

AFFIRMED.